# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BYRON POLLARD-El, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-924 CAS |
| | ) | |
| BOBBY JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the complaint filed by plaintiff Byron Pollard-El, Jr. Although plaintiff has filed a motion to proceed in forma pauperis, he has failed to file an accompanying prison account statement. Plaintiff will be required to do so within thirty (30) days of the date of this Memorandum and Order in order for the Court to verify his pauper status. Additionally, plaintiff will be required to file an amended complaint on a court-form for the reasons set forth below.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. Id.

Although plaintiff has filed a motion to proceed in forma pauperis he has failed to file a prison account statement. Plaintiff will be required to file a prison account statement within thirty (30) days of the date of this Memorandum and Order. If plaintiff fails to do so, and alternatively, if he fails to pay the full $400 filing fee in that same time period, his complaint will be subject to dismissal.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, inter alia, draw upon judicial experience and common sense. Id. at 679.

Pro se complaints are to be liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004); see also Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim

for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. See McNeil v. United States, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). He brings this action pursuant to 42 U.S.C. § 1983 asserting claims against the following defendants: Bobby Johnson; Nathan Waibl; Justin Thomas; Corizon, Inc.; Unknown Bingham; and Lonnie Smallen. Plaintiff does not indicate the capacities under which he is suing defendants.

Plaintiff asserts that he was "beaten" by defendant Unknown Bingham on April 6, 2018. He claims he was punched in the face repeatedly, and his head was slammed on the ground. Plaintiff states that the "other officers" failed to stop" and "made no attempt" to stop "him."

Plaintiff also claims that "an officer" wrote a false violation report, but he fails to identify which officer wrote the report, and he alleges that "staff" refused to allow him to present documentary evidence during his violation hearing. Plaintiff states that "medical staff" failed to document his injuries, and he asserts that "staff" assigned him to a cell with a large hole in the floor knowing it was unsafe to live in.

Plaintiff seeks compensatory damages in this action.

**Discussion**

Plaintiff's claims are conclusory and do not specifically allege the unlawful behavior of a specific person or persons he believes to have acted wrongfully. Even pro se plaintiffs are required to allege facts in support of their claims, and I will not assume facts that are not alleged. Stone, 364 F.3d at 914-15. Moreover, he has not connected each purported violation with a **named** defendant who had **personal knowledge of the violation** and or someone who was directly responsible for the action that harmed plaintiff.[1] And as to plaintiff's medical claim, he has not alleged that he had a serious medical condition that was known to a specific defendant that required medical treatment but that he was denied treatment at the time it was immediately necessary.[2] Last, in order to state a condition of confinement claim, plaintiff would have to properly allege that defendants were deliberately indifferent to, or placed him in, an excessive risk to his health or safety. Seltzer-Bey v. Delo, 66 F.3d 961, 963-64 (8th Cir. 1995).

---

[1]Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights. See Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff is also advised that, for an action to be allowed to proceed against a fictitious, or "Doe" defendant, the complaint must make sufficiently specific factual allegations to permit that defendant to be identified after reasonable discovery. See Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985).

[2]To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

The Court has reviewed the complaint and believes that, although plaintiff may be able to assert claims based on the denial of his constitutional rights, he must prepare an amended complaint using a Court-provided form, following Rules 8 and 10 of the Federal Rules of Civil Procedure when doing so. See Local Rule 2.06(A).

Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[3] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint, along with his prison account statement. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005).

---

[3]The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the Federal Rules of Civil Procedure and the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee **or** submit a copy of his prison account statement within thirty (30) days of the date of this Order.

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of May, 2019.